**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-01133-CBS

PATTI A. HARTMAN,

      Plaintiff,

v.

HARRISON SCHOOL DISTRICT TWO, and
HARRISON SCHOOL DISTRICT TWO BOARD OF EDUCATION,

      Defendants.

## ANSWER

Defendants, **HARRISON SCHOOL DISTRICT TWO** ("District"), and **HARRISON SCHOOL DISTRICT TWO BOARD OF EDUCATION**, by their attorneys, **SENTER GOLDFARB & RICE, LLC**, and pursuant to Fed.R.Civ.P. 8 and 12, hereby answer and respond to Plaintiff's Complaint and Jury Demand ("Complaint") [Doc. 1] as follows:

## ANSWER

1. Defendants admit the allegations contained in paragraphs 5, 6, 7, 8, 9, 11, 12, 13, 15, 16, 29, 34, 36, 39, 40, 48, and 49 of the Complaint.

2. Defendants deny the allegations set forth in paragraphs 32, 35, 43, 44, 45, 46, 51, 52, and 53 of the Complaint.

3. Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the allegations contained in paragraphs 23 and 28 of the Complaint and, as a result, deny same.

4. With respect to the allegations set forth in paragraphs 1 and 2 of the Complaint, Defendants do not dispute jurisdiction and venue. Defendants admit that they are located in the State of Colorado; however, Defendants lack sufficient information and knowledge to enable them to form a belief as to the veracity of the assertions set forth therein and, as a result, deny same.

5. With respect to the allegations set forth in paragraph 4 of the Complaint, Defendant admits that Plaintiff was employed by the District as an Assistant Principal at Sierra High School for the 2013-2014 and 2014-2015 school years. As to the remaining allegations set forth in said paragraph, Defendants are without sufficient knowledge and information to enable them to form a belief as to the veracity of the assertions set forth therein and, as a result, deny same.

6. With respect to the allegations set forth in paragraph 14 of the Complaint, Defendants admit that Zack Craddock completed a performance evaluation in April 2014 for Plaintiff after he moved to a different position within the District. Defendants state that the content of the evaluation speaks for itself; however, Defendants deny the allegations to the extent they mischaracterize the evaluation or make unsupported inferences and deny any and all remaining allegations set forth in said paragraph.

7. With respect to the allegations set forth in paragraph 17 of the Complaint, Defendants admit that Plaintiff's total compensation for the 2014-2015 school year was $83,000, which included a $70,000 base salary and $13,000 in additional compensation. Defendants deny the allegations to the extent they mischaracterize the increase in Plaintiff's compensation as due

to her job performance during the 2013-2014 school year as well as any remaining allegations set forth in said paragraph.

8. With respect to the allegations set forth in paragraph 18 of the Complaint, Defendants admit that the incident occurred on November 4, 2014, while Plaintiff was supervising students as they moved between classes. Defendants admits that Plaintiff was positioned nearby when a security guard attempted to restrain a student that was involved in a physical altercation with another student. Defendants admit that Plaintiff fell to the floor, hit her head, and lost consciousness for approximately 10 seconds. As to the remaining allegations set forth in said paragraph, Defendants deny same.

9. With respect to the allegations set forth in paragraph 19 of the Complaint, Defendants admit that when Plaintiff complained of pain in her ankle, head, and hip when she regained consciousness and that a nurse employed with the District called Emergency Medical Services ("EMS") after conducting an initial assessment. As to the remaining allegations set forth in said paragraph, Defendants are without sufficient knowledge and information to enable them to form a belief as to the veracity of the assertions set forth therein and, as a result, deny same.

10. With respect to the allegations set forth in paragraph 20 of the Complaint, Defendants admit that Plaintiff was transported to a hospital by EMS. Defendants are without sufficient knowledge and information to enable them to form a belief as to the veracity of the remaining assertions set forth therein and, as a result, deny same.

11. With respect to the allegations set forth in paragraph 21 of the Complaint, Defendants admit that Plaintiff did not attend work for three days after the incident, from

3

Wednesday, November 5, 2014 to Friday, November 7, 2014. Defendants deny any and all remaining allegations set forth in said paragraph.

12. With respect to the allegations set forth in paragraph 22 of the Complaint, Defendants admit that the District's Risk Manager, Sherie Shupe, notified Principal Aaron Griffen that Plaintiff would be returning to work on Monday, November 10, 2014, with physical restrictions. Defendants deny any and all remaining allegations set forth in said paragraph.

13. With respect to the allegations set forth in paragraph 24 of the Complaint, Defendants admit that Principal Griffen spoke with Plaintiff in December 2014 about concerns he had about her job performance that had existed since they began working with one another at Sierra High School. Defendants deny any and all remaining allegations contained in said paragraph.

14. With respect to the allegations set forth in paragraph 25 of the Complaint, Defendants admit that Plaintiff submitted a request for a leave of absence on February 9, 2015. Defendants further admit that the District approved Plaintiff's leave of absence for 35 work days, from February 11, 2014 to April 13, 2015. Defendants deny any and all remaining allegations contained in said paragraph.

15. With respect to the allegations set forth in paragraph 26 of the Complaint, Defendants admit that on February 9, 2014, Principal Griffen provided Plaintiff with a written copy of her performance improvement plan ("Growth/Remediation Improvement Plan") that memorialized the information he had previously provided. Defendants deny any and all remaining allegations contained in said paragraph.

16. With respect to the allegations set forth in paragraph 27 of the Complaint, Defendants state that the content of Plaintiff's performance improvement plan speak for itself; however, Defendants deny any and all remaining allegations contained in said paragraph.

17. With respect to the allegations set forth in paragraph 30 of the Complaint, Defendants admit that Plaintiff unexpectedly returned to work ahead of schedule on March 20, 2015, during the week prior to Spring Break. Defendants also admit that Principal Griffen told Plaintiff that they would meet the week after Spring Break to discuss the improvement plan. Defendants deny any and all remaining allegations contained in said paragraph.

18. With respect to the allegations set forth in paragraph 31 of the Complaint, Defendants admit that Plaintiff's office was relocated to the second floor of the building. Defendants deny any and all remaining allegations contained in said paragraph.

19. With respect to the allegations set forth in paragraph 33 of the Complaint, Defendants admit that Principal Griffen met with Plaintiff about her performance improvement plan on March 31, 2014, instead of April 3, 2014. Defendants deny any and all remaining allegations contained in said paragraph.

20. With respect to the allegations set forth in paragraph 37 of the Complaint, Defendants admit that Plaintiff's contractual term ended on June 26, 2015, and her employment contract with the District was non-renewed for the following school year. Defendants deny any and all remaining allegations contained in said paragraph.

21. The allegations contained in paragraphs 41 and 50 of the Complaint are statements of the law requiring no response. To the extent the allegations in paragraphs 41 and

50 mischaracterize or misconstrue the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, Defendants deny same.

22. The allegations contained in paragraph 42 of the Complaint state legal conclusions requiring no response. To the extent the allegations in paragraph 42 mischaracterize or misconstrue rights protected under the FMLA, 29 U.S.C. §§ 2601 *et seq.*, Defendants deny same.

23. Defendants hereby incorporate their responses to the paragraphs that are re-alleged in paragraphs 3, 10, 38, and 47 of the Complaint.

24. Defendants deny any and all allegations not otherwise expressly admitted herein.

## **DEFENSES**

1. Plaintiff's Complaint fails, at least in part, to state a claim upon which relief can be granted against Defendants.

2. Plaintiff's alleged damages, if any, were caused by reason of Plaintiff's acts and conduct, not by reason of any tortious, unconstitutional, discriminatory, or retaliatory conduct of Defendants.

3. Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff.

4. Plaintiff has failed to reasonably mitigate her alleged damages.

5. Plaintiff's claims may be barred by the applicable statute of limitations.

6. Defendants reserves the right to add any additional defenses as they become apparent upon disclosure and discovery.

## **REQUEST FOR RELIEF**

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants respectfully request the Court grant relief as follows:

a. Entering judgment of dismissal in favor of Defendants and against Plaintiff;

b. Entering judgment in favor of Defendants and against Plaintiff for attorney fees and costs; and

c. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

**DEFENDANTS HEREBY DEMAND THIS CASE BE TRIED TO A JURY PURSUANT TO FED.R.CIV.P. 38.**

Respectfully submitted,


By  /s/ Courtney B. Kramer
*Courtney B. Kramer*


By  /s/ Susan E. McNulty
*Susan E. McNulty*
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
E-mail:         ckramer@sgrllc.com
                    smcnulty@sgrllc.com

*Attorneys for Defendants*

8

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of August, 2017, I electronically filed a true and exact copy of the above and foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will sent notification of such filing to the following email addresses:

Erik G. Bradberry, Esq.
Brooke M. Copass, Esq.
ebradberry@coloradoea.org
bcopass@coloradoea.org
*Attorneys for Plaintiff*


                                                s/ Barbara A. Ortell
                                                Barbara A. Ortell